APICO REALTY Co., INC., Respondent, v. CORNELIUS CALLAGHAN et al., Appellants.— Defendants appeal from an order denying their motion for judgment on the pleadings on the first cause of action set forth in the plaintiff's complaint, and also from an order denying their motion to cancel a *lis pendens* heretofore filed in the action. Order denying defendants' motion for judgment on the pleadings on the first cause of action reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, without prejudice to plaintiff's applying to Special Term for leave to serve an amended complaint. Order denying defendants' motion to cancel the *lis pendens* reversed on the law, without costs, and the motion granted, without costs. In its first cause of action plaintiff alleges that the individual defendant on May 15, 1941, entered into an agreement with it pursuant to which that defendant leased to plaintiff certain unimproved premises in the county of Queens. The lease contained a clause which gave to plaintiff the right to improve the premises by erecting thereon a one-story taxpayer, such building to be started within four months unless, due to a national emergency, the tenant was unable to secure the necessary material, in which event the tenant's time to complete the building was to be extended to the extent of the time lost by reason of such delay. The payment of rent was to begin on December 1, 1941. Plaintiff paid to defendants $6,000 as advance payment of the rent reserved. It is further alleged that, by reason of such emergency, plaintiff was unable to complete the building until February 21, 1942. Plaintiff seeks an adjustment of the advance rental paid or, in the alternative, an extension of the lease for one year. The contract is not attached to the complaint or made a part thereof by reference and the only terms contained in the pleading are those summarized above. In our opinion, the first cause of action is insufficient. No plea for reformation is made. The terms of the lease upon which the plaintiff relies are, as pleaded, plain and unambiguous. While it is clear that plaintiff's time to complete the building was extended, by no construction of the allegations of the complaint can it be spelled out that payment of rent was to be postponed if the building was not completed. What the plaintiff seeks to do is to make a new contract which will contain additional provisions for its protection. Such a result cannot be achieved under the allegations of this complaint. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur.

HENRY L. BOSCHEN et al., Respondents, v. CORNELL CONTRACTING CORPORATION, Appellant, et al., Defendants.— Action to recover damages for injury to plaintiffs' real property during the construction of a city subway in the borough of Brooklyn by appellant. Order denying appellant's motion to dismiss the complaint because of plaintiffs' alleged unreasonable neglect to prosecute the action affirmed, without costs. No opinion. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur. [See *post*, p. 755.]

ERNA G. BRENNER, as Administratrix of HENRY C. BRENNER, Deceased, Appellant, v. M. BRENNER, INC., et al., Respondents.— Derivative stockholder's action, based on alleged acts of waste, to compel the return to the corporate defendant by the individual defendants of moneys received by them, in the form of salaries, in excess of the fair and reasonable value of services rendered by them to the corporate defendant. Judgment in favor of defendants unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ.